

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-78,260-01

### EX PARTE DANIEL VILLEGAS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. 76187 FROM THE 41ST DISTRICT COURT OF EL PASO COUNTY

**PRICE, J., filed a concurring opinion.**

### CONCURRING OPINION

It has sometimes been said that we "recognize[] two types of 'innocence' claims."[1]

One is the "bare claim of innocence," which we recognized to be a due-process-based claim

in *Elizondo*.[2] The other is the so-called "*Schlup* actual innocence claim," which we have

identified as being based upon the opinion of the United States Supreme Court in *Schlup v.*

---

[1] *Ex parte Brown*, 205 S.W.3d 538, 544 (Tex. Crim. App. 2006).

[2] *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996).

*Delo*[3]—a decision with respect to federal procedure that has no bearing on state habeas proceedings, except to the extent that our statutory abuse-of-the-writ provisions were patterned after it.[4] The United States Supreme Court does not (at least not yet, assuming it ever will) recognize that bare-innocence claims implicate due process,[5] and so there is no federal analog to our holding in *Elizondo*. But in *Schlup* the Supreme Court declared that a showing of actual innocence may operate as a gateway to federal review of the merits of *other* federal constitutional claims under circumstances in which those constitutional claims would otherwise be procedurally barred.[6] Our analog gateways are contained in Article 11.07, Section 4(a)(2), and Article 11.071, Section 5(a)(2).[7] They are creatures of statute, not binding Supreme Court case law.

For this Court to continue to "recognize" so-called "*Schlup* innocence claims" does a disservice to the bench and bar and engenders the kind of misunderstanding that the convicting court exhibited in this case. The truth of the matter is that there is really no such thing as a "*Schlup* actual innocence claim" in Texas. We have a statutory gateway

---

[3] 513 U.S. 298 (1995).

[4] *See Ex parte Blue*, 230 S.W.3d 151, 158, 160 (Tex. Crim. App. 2007).

[5] *Id*. at 158 (citing, *e.g.*, *Herrera v. Collins*, 506 U.S. 390, 417-19 (1993)).

[6] *Schlup*, 513 U.S. at 326-27.

[7] TEX. CODE CRIM. PROC. arts. 11.07 § 4(a)(2), 11.071 § 5(a)(2).

mechanism that works much *like* the court-made federal gateway. But it is just that—a statutory gateway to reaching *other* federal constitutional claims (including, ironically, a bare actual-innocence claim under *Elizondo*) that would otherwise be unavailable to a habeas applicant under our now-codified abuse-of-the-writ provisions. It is not required by *Schlup*. It is not even an actual-innocence claim in its own right. It merely operates as a mechanism to permit consideration of other constitutional claims that would otherwise be procedurally barred because raised for the first time in a subsequent writ application.

Here the applicant raised both his claim of ineffective assistance of counsel and his *Elizondo* actual-innocence claim in this *initial* writ application. There is no procedural bar to our proceeding directly to the merits of both claims. The abuse-of-the-writ provision in Article 11.07, Section 4, is not triggered, so there is no reason for anyone to invoke the exception that is embodied in the gateway provision in Section 4(a)(2). And there is *certainly* no occasion to mention *Schlup*.[8] We should quit doing so.

With these remarks, I concur in the Court's judgment.

Delivered:     December 18, 2013
Publish

---

[8]

In its opinion today, the Court says that "[b]ecause Applicant's ineffective assistance of counsel claims are not procedurally barred as subsequent, a *Schlup* innocence claim dependent on them is improper." Majority Opinion at 2. This sentence implies that there would ever be a "proper" context in which to assert "a *Schlup* innocence claim." Better to say that there is no such thing as "a *Schlup* innocence claim" in Texas, and that our own statutory gateway provision is not triggered in this case, the applicant having raised his constitutional claims (including his *Elizondo* actual-innocence claim) in an *initial* writ application.